IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                          )
BELLFLOWER MEDICAL CENTER                 )
9542 East Artesia Boulevard               )
Bellflower, CA   90706                    )
                          Plaintiff,      )
                                          )
            v.                            )        Case No.
                                          )
SYLVIA M. BURWELL, In Her Official        )
Capacity as Secretary of the U.S.         )
Department of Health and Human Services,  )
200 Independence Avenue, S.W.             )
Washington, D.C.  20201                   )
                          Defendant.      )
_____ )

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY
DECISION ON MEDICARE REIMBURSEMENT**

**JURISDICTION AND VENUE**

1.  This is a civil action brought to obtain judicial review of a final decision rendered
    by the Provider Reimbursement Review Board ("PRRB"), acting as a component
    of the United States Department of Health and Human Services ("HHS"). The
    decision for which judicial review is hereby sought is PRRB Case No. 15-0076,
    dated March 19, 2015, in the matter of Bellflower Medical Center, Provider No.
    05-0531.

2.  This action arises under Title XVIII of the Social Security Act, as amended (42
    U.S.C. §1395 et. seq.), hereinafter referred to as the "Medicare Act" or the "Act",
    and the Administrative Procedure Act, 5 U.S.C. § 706.

3. This Court has jurisdiction under 42 U.S.C. §1395oo(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.  Venue lies in this judicial district pursuant to 42 U.S.C. §1395oo(f), and 28 U.S.C. § 1391(e).

4. Plaintiff has exhausted all administrative remedies under federal law.

## PARTIES

5. The Plaintiff is Bellflower Medical Center (hereinafter "Plaintiff Provider", "Provider", or "Hospital"), and is an acute care, in-patient healthcare facility that serves a disproportionate share of low-income patients. At all relevant times, Plaintiff Provider had a Medicare provider agreement with the Secretary of Health and Human Services and was eligible to participate in the Medicare program.

6. Plaintiff Provider has a Medicare Provider number of 05-0531, and this action concerns that cost report filed for Fiscal Year Ending ("FYE") August 31, 2011.

7. Defendant, Sylvia M. Burwell, Secretary of the Department of Health and Human Services ("Secretary"), or her predecessors in office, is the federal officer responsible for the administration of the Medicare program.  Defendant Burwell is sued in her official capacity.

## MEDICARE STATUTORY AND REGULATORY BACKGROUND

8. Title XVIII of the Social Security Act, Pub. L. No. 89-97, 79 Stat. 291, as amended by 42 U.S.C. §§1395 et. seq. ("the Medicare program"), establishes a program of medical benefits for persons age 65 or older, and also for persons under age 65 who are disabled.

9. This case concerns Part A of the Medicare Act, 42 U.S.C. §§ 1395c-1395i-4, which provides for payments for inpatient hospital services furnished to Medicare beneficiaries.

10. Medicare pays for hospital inpatient services through a prospective payment system ("PPS") based on predetermined, nationally applicable rates.  42 U.S.C. § 1395ww(d).

11. The PPS statute contains a number of provisions that adjust reimbursement based upon hospital specific factors. 42 U.S.C. §1395ww(d)(5). This case involves the hospital-specific disproportionate share ("DSH") payment adjustment.  42 U.S.C. §1395ww(d)(5)(F)(i)(I).

12. The "disproportionate patient percentage" is defined in 42 U.S.C. § 1395ww(d)(5)(F)(vi) as the sum of two fractions. These two fractions are referred to as the "Medicaid fraction" and the "Medicare/SSI fraction" (also referred to herein as the "Medicare fraction" or the "SSI fraction").

13. At the close of a fiscal year, a provider of services must submit a cost report to its fiscal intermediary showing both the costs incurred by it during the fiscal year and the appropriate share of those costs to be apportioned to Medicare. 42 C.F.R. § 413.24(f). The intermediary reviews the provider's cost report, makes adjustments as it deems necessary, and issues a final notice of program reimbursement ("NPR") to the hospital. Id. §405.1803.  A hospital which is dissatisfied with the NPR may file an administrative appeal to the Provider Reimbursement Review Board ("PRRB") within 180 days after notice of the NPR. 42 U.S.C. §1395oo(a).

14. Failure to file an appeal within said 180 day period generally deprives the hospital of any further opportunity for administrative and/or judicial review of the NPR.

15. Pursuant to 42 U.S.C. §1395oo(f)(1), hospitals may obtain judicial review of any final decision of the PRRB, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days from the date on which notice of any such final decision is received.

### FACTS RELATING TO THE PLAINTIFF

16. Bellflower Medical Center was closed in April, 2013, and subsequently sold to Alta Los Angeles Hospitals, Inc.  The Notice of Program Reimbursement ("NPR") was issued on April 8, 2014, and was addressed to "14642 Newport Avenue, Tustin, California."  However, Plaintiff Provider had moved from that address several years before and therefore, did not receive the NPR.

17. On October 3, 2014, Plaintiff Provider submitted a request under the Freedom of Information Act (FOIA), seeking a copy of the NPR.

18. On October 9, 2014, Quality Reimbursement Services ("QRS"), acting as Plaintiff Provider's representative, filed an appeal on Plaintiff Provider's behalf before the PRRB.  This appeal was filed within 180 days of the April 8, 2014 NPR.  Unable to include the NPR with the appeal, Plaintiff Provider submitted a copy of the previously submitted FOIA request dated October 3, 20114, and further advised the PRRB that the NPR would be furnished when the provider received it. See, **Exhibit "C".**

19. By certified letter dated November 19, 2014, the PRRB dismissed the appeal request because Plaintiff Provider failed to submit the NPR to the Board as

required by 42 C.F.R. §405.1835(b).  Plaintiff Provider received this Board's dismissal letter on November 24, 2014.

20. On November 25, 2014, in response to the request under the FOIA, a copy of the NPR was received by QRS.

21. By letter dated November 26, 2014, Plaintiff Provider filed with the PRRB a copy of the NPR, which it first received only *the day before.* Plaintiff Provider requested reinstatement of the appeal on the basis that it did not have a copy of the previously issued NPR prior to the expiration of the six-month period for filing appeals.  See, **Exhibit "B".**

22. By letter dated March 19, 2015, the PRRB issued its decision, denying Plaintiff Provider's request for reinstatement.  This denial constituted a final appealable decision. See, **Exhibit "A".**

## COUNT I

## THE PRRB HAD JURISDICTION OVER THE APPEAL PURSUANT TO 42 U.S.C. 1395oo(a)(1)(A)(i)

23. The Hospital incorporates the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. The regulations governing Board proceedings require the submission of the NPR with the appeal request.  42 C.F.R. §405.1835(b)(3).  These regulations further state in pertinent part as follows:

> *If the provider submits a hearing request that does not meet the requirements of paragraph (b)(1), (b)(2), or (b)(3) of this section, the Board may dismiss with prejudice the appeal or take any other remedial action it considers appropriate.*

> See, 42 C.F.R. §405.1835(b).

25. The Secretary has stated in formal rulemaking that the language, "*take any other remedial action it seems appropriate*" affords discretion to the PRRB to allow the provider to cure the deficiency by subsequently providing documentation that was not filed with the initial appeal.  These regulations further state that the Board has discretion to take some lesser action short of dismissal when the provider fails to furnish all of the required documentation with its original appeal.  73 Fe. Reg. 30190, 30202, May 23, 2008.

26. The Board's failure to afford Plaintiff Provider an opportunity to furnish a copy of the NPR after the filing of the initial appeal constituted an abuse of discretion under the circumstances of this case.  In this case, Plaintiff Provider did all that it reasonably could do to secure a copy of the NPR, and furnish the NPR *within one day* of receipt of the same.

**WHEREFORE,** as to Count I, Plaintiff Provider requests an order;

    (a)    Holding that the PRRB abused its discretion in dismissing the appeal which action constituted arbitrary and capricious agency action in violation of 5 U.S.C. §706(2)(A);

    (b)    Remanding to the PRRB with instructions to reinstate the appeal and to adjudicate the merits of the same;

    (c)    For Plaintiff Provider's costs and reasonable attorneys' fees, and;

    (d)    For such other and further relief as the Court deems appropriate.

## COUNT II

27. The allegations in Paragraphs 1-26 are incorporated as if fully set forth herein.

28. A provider's right to a hearing before the PRRB is governed by the provisions of 42 U.S.C. §1395oo.

29. The plain language of the statute imposes three tests to determine whether the provider has a right to such a hearing: (a) dissatisfaction with a final determination of the fiscal intermediary; (b) the amount in controversy is $10,000 or more; and (c) the provider files a request for a hearing within 180 days after notice of such determination is received.

30. Filing a copy of the NPR with a hearing request is not a prerequisite to the right of a hearing under 42 U.S.C. §1395oo.

31. As such, the Board's action in dismissing the appeal because Plaintiff Provider failed to include the NPR with its hearing request was contrary to statue and outside of the scope of the Secretary's authority.

**WHEREFORE,** as to Count II, Plaintiff Provider requests an order:

(a)     Holding that the PRRB acted in excess of its statutory authority in violation of 5 U.S.C. §706(2)(B);

(b)     Remanding to the PRRB with instructions to reinstate the appeal and to adjudicate the merits of the same;

(c)     For Provider Plaintiff's costs and reasonable attorneys' fees, and;

(d)     For such other and further relief as the Court deems appropriate.

## COUNT III

32. The allegations in Paragraphs 1-31 are incorporated as if fully set forth herein.

33. The plain language of 42 U.S.C. §1395oo conditions the commencement of the 180-day appeal period of the provider's receipt of the NPR.

34. The Secretary's regulations further condition the commencement of the 180-day period for the filing of an appeal upon receipt of the NPR.  42 C.F.R. §405.1835.

35. The NPR was not received until November 25, 2014.  Therefore, Plaintiff Provider had until 180 days thereafter in which to file its appeal to the PRRB.  As such, the PRRB dismissed the appeal prior to the expiration of the appeal period.

**WHEREFORE,** as to Count III, Plaintiff Provider requests an order:

 (a)  Holding that the PRRB acted in excess of its statutory authority and in violation of 5 U.S.C. §706(2)(B) by dismissing the appeal prior to the expiration of the appeal period;

 (b)  Remanding to the PRRB with instructions to reinstate the appeal and to adjudicate the merits of the same;

 (c)  For Plaintiff Provider's costs and reasonable attorneys' fees, and;

 (d)  For such other and further relief as the Court deems appropriate.

## COUNT IV

36. The allegations in Paragraphs 1-35 are incorporated as if fully set forth herein.

37. The PRRB's decision dated March 19, 2015 was founded upon the misapprehension that the NPR was lost by Plaintiff Provider because the hospital was sold and was no longer in operation.  However, this conclusion is factually

incorrect.  There is no evidence to suggest that Plaintiff Provider ever received the NPR in the first place, let alone lost it.

38. The PRRB's decision dated March 19, 2015 further states that Plaintiff Provider should have requested a copy of the NPR prior to October 3, 2014.  However, the burden was upon the fiscal intermediary to provide a copy of the NPR to Plaintiff Provider, and not upon Plaintiff Provider to file an FOIA request to obtain a document that it should already have received in the ordinary course of business.

**WHEREFORE**, as to Count IV, Plaintiff Provider requests an order;

    (a)    Holding that the PRRB abused its discretion in dismissing the appeal which action constituted arbitrary and capricious agency action in violation of 5 U.S.C. §706(2)(A);

    (b)    Remanding to the PRRB with instructions to reinstate the appeal and to adjudicate the merits of the same;

    (c)    For Plaintiff Provider's costs and reasonable attorneys' fees, and;

    (d)    For such other and further relief as the Court deems appropriate.

DATED:  May 18, 2015            Respectfully submitted,

*Alan J. Sedley*

Alan J. Sedley, Esq.  Bar# OH0017
SEDLEY MOORE
18200 Von Karman Ave Suite 900
Irvine, CA  92612-1023
Phone: 949.553.4900
asedley@smhealthlaw.com

Counsel for Plaintiff Provider